# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KATHERINE E. HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Removed from Circuit Court of |
| | ) Marion County, Missouri, |
| SCHNEIDER ELECTRIC SE, a French Multi-National Company, SCHNEIDER ELECTRIC USA, INC., a Delaware Corporation, DESMA SCHUHMASCHINEN GmbH, a German multi-national Corporation, KLOCKNER DESMA ELASTOMERTECHNIK GmbH, a German multi-national Corporation, DESMA USA, INC., a Delaware Corporation, WILLIAM FISHER, EDWARD HULSE, BARB (REES) CANNADY, RYAN RICHARDS and MATTHEW DADE, | ) (District 2 at Hannibal) ) Cause No: 21MR-CV00068 ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Schneider Electric USA, Inc. ("Schneider"), by and through counsel, hereby removes this action from the Circuit Court of Marion County (District 2 at Hannibal), Missouri, to the United States District Court for the Eastern District of Missouri, Northern Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a) and 1446(b). In support of such removal, Defendant Schneider states as follows:

## INTRODUCTION

1. This is a personal injury action arising from a work-place accident that occurred on January 22, 2016, while Plaintiff Katherine E. Huff was operating a multi-station injection mold machine. **Exhibit 1, Petition, ¶¶ 16-17**. The named defendants are alleged to be the manufacturer of the machine, the manufacturer of one of its component parts, and five of Plaintiff's co-workers.

1

2. This is an action in which the District Courts of the United States have been given original jurisdiction under the provisions of 28 U.S.C. §1332, in that diversity of citizenship exists between Plaintiff and the properly joined defendants, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

3. On January 19, 2021, Plaintiff filed a Petition in the Circuit Court of Marion County (District 2 at Hannibal), Missouri, which named Defendant Schneider and the following entities/persons as defendants:

>  Schneider Electric SA
>  DESMA Schuhmaschinen GmbH
>  Klockner DESMA Elastomertechnik GmbH
>  DESMA USA, Inc.
>  William Fisher
>  Edward Hulse
>  Barb (Rees) Cannady
>  Ryan Richards
>  Matthew Dade

Plaintiff's action bears the cause number 21MR-CV0068 (the "State Court Action"). The individual defendants are alleged to be Plaintiff's co-workers all of whom are citizens of Missouri. **Ex. 1, Petition, ¶¶ 7-11, 176, 202).**

4. Schneider was served with process on January 29, 2021. **Exhibit 2.**

5. The individual defendants were served with process on January 27, 2021, January 29, 2021, and January 30, 2021. **Exhibit 2.**

6. None of the other named defendants have been served as of this date.

7. This Notice of Removal is timely filed within 30 days after service of process upon Schneider.  *See* 28 U.S.C. § 1446(b)(2)(B).

8. As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Circuit Court of Marion County (District 2 at Hannibal), Missouri, is attached hereto. The Petition is attached hereto as **Exhibit 1**. The remainder of the state court file is attached hereto as **Exhibit 2** and includes the following:

| DATE FILED | FILING | FILING PARTY |
|---|---|---|
| January 20, 2021 | Summons Issued to Schneider Electric USA | Court |
| January 20, 2021 | Summons Issued to William Fisher | Court |
| January 20, 2021 | Summons Issued to Edward Hulse | Court |
| January 20, 2021 | Summons Issued to Barbara Cannaday | Court |
| January 20, 2021 | Summons Issued to Matthew Dade | Court |
| January 20, 2021 | Summons Issued to Ryan Richards | Court |
| January 21, 2021 | Motion for Appointment of Private Process Server for personal service on Schneider Electric SE, and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH | Plaintiff |
| January 21, 2021 | [Proposed] Order Appointing Special Process Server - DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH | Plaintiff |
| January 21, 2021 | [Proposed] Order Appointing Special Process Server - Schneider Electric SE | Plaintiff |
| January 25, 2021 | Summons Issued to DESMA USA, Inc. | Court |
| January 27, 2021 | Summons Issued to Schneider Electric SE | Court |
| January 27, 2021 | Entry of Appearance for Branson L. Wood | Plaintiff |
| January 27, 2021 | [Executed] Order Appointing Special Process Server - DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH | Court |

| | | |
|---|---|---|
| January 27, 2021 | [Executed] Order Appointing Special Process Server - Schneider Electric SE, in France. | Court |
| January 27, 2021 | Summons Issued – DESHMA Schuhmaschinen GmbH | Court |
| January 27, 2021 | Summons Issued - Klöckner DESMA Elastomertechnik GmbH | Court |
| January 27, 2021 | ORDER Appointing Special Process Server - DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH | Court |
| February 1, 2021 | Motion for Change of Judge | Plaintiff |
| February 1, 2021 | Notice of Hearing Filed | Plaintiff |
| February 2, 2021 | Notice of Service - Edward Hulse | Plaintiff |
| February 2, 2021 | Notice of Service - Barbara Cannaday | Plaintiff |
| February 2, 2021 | Notice of Service - Matthew Dade | Plaintiff |
| February 2, 2021 | Notice of Service - Schneider Electric USA | Plaintiff |
| February 2, 2021 | Notice of Service – Ryan Richards | Plaintiff |
| February 2, 2021 | Notice of Service – William Fisher | Plaintiff |
| February 2, 2021 | Summons Personally Served – William Fisher | Court |
| February 2, 2021 | Summons Personally Served – Ryan Richards | Court |
| February 2, 2021 | Summons Personally Served – Schneider Electric USA | Court |
| February 2, 2021 | Summons Personally Served – Matthew Dade | Court |
| February 2, 2021 | Summons Personally Served – Barbara Cannaday | Court |
| February 2, 2021 | Summons Personally Served – Edward Hulse | Court |
| February 5, 2021 | Certificate of Mailing – Plfs Requests for Admissions | Plaintiff |

| February 19, 2021 | Entry of Appearance for Philip Sholtz | Defendants Fisher, Hulse, Cannaday, Richards & Dade |
| --- | --- | --- |
| February 19, 2021 | Motion to Dismiss | Defendants Fisher, Hulse, Cannaday, Richards & Dade |

9. The filings in the State Court Action include two motions, both of which are pending:

- Plaintiff's Motion for Change of Judge **(Exhibit 3)**

- Motion to Dismiss filed by the individual defendants **(Exhibit 4)**

10. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) because this is the United States District Court embracing the Circuit Court of Marion County (District 2 at Hannibal), Missouri, where the State Court Action is pending. *See* 28 U.S.C. § 96.

11. In accordance with 28 U.S.C. § 1446(d), Schneider has filed written notice of this removal with the Clerk of the Circuit Court of Marion County (District 2 at Hannibal), Missouri, where the State Court Action is pending. A copy of this Notice of Removal and the written notice of the same also are being served upon Plaintiff.

12. Ordinarily, the consent of all properly joined and served defendants is a prerequisite for removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Marano Enterprises of Kansas v. Z-Teca Restaurants L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001) (*citing Chicago, Rock Island, and Pacific Railway v. Martin*, 178 U.S. 245, 251, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)).

13. In this case, however, other than Defendant Schneider and the individual defendants, none of the other defendants have been served. Therefore, the consent of the other defendants who have not been served is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

14. As set forth more fully below, Plaintiff's co-workers are not properly joined and are, therefore, nominal defendants. Accordingly, their consent is not a prerequisite to removal. *Augustine*, 259 F.Supp.2d at 921 (*citing Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Pecherski v. General Motors Corporation*, 636 F.2d 1156, 1161, (8th Cir. 1981).

15. Notwithstanding, Plaintiff's co-workers have consented to this removal. Plaintiff's co-workers have also filed a motion to dismiss the Petition for failure to state a claim. **Ex. 4, Motion to Dismiss.** That motion is pending.

## CITIZENSHIP

16. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Plaintiff was and is an individual, residing in Marion County, Missouri. **Ex. 1, Petition, ¶ 1.** Accordingly, Plaintiff is a citizen of Missouri for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

17. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant Schneider was and is a corporation organized under the laws of Delaware. **Ex. 1, Petition, ¶ 2**. Defendant Schneider's principal place of business in Boston, Massachusetts. Accordingly, Defendant Schneider is a citizen of Delaware and Massachusetts for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

18. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant Schneider Electric, SA ("French Parent") was and is a corporation organized under the laws of France with its principal place of business in Rueil-Malmaison, France. **Ex. 1, Petition, ¶ 3.** Accordingly, the French Parent is a citizen of France for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

19. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant DESMA Schuhmaschinen GmbH was and is a corporation organized under the laws of Germany with its principal place of business in Achim, Germany. **Ex. 1, Petition, ¶ 4.** Accordingly, Defendant DESMA Schuhmaschinen GmbH is a citizen of Germany for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

20. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant Klockner DESMA Elastomertechnik GmbH was and is a corporation organized under the laws of Germany with its principal place of business in Fridingen, Germany. **Ex. 1, Petition, ¶ 5.** Accordingly, Defendant Klockner DESMA Elastomertechnik GmbH is a citizen of Germany for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

21. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant DESMA USA, Inc. was and is a corporation organized under the laws of Delaware. **Ex. 1, Petition, ¶ 6.** Defendant DESMA USA, Inc.'s principal place of business in Hebron, Kentucky. Accordingly, Defendant DESMA USA, Inc. is a citizen of Delaware and Kentucky for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

22. At the time the State Court Action was filed and at the time this Notice of Removal is filed, Defendant William Fischer was and is an individual who resides in Hannibal, Missouri. **Ex. 1, Petition, ¶ 7.**

23. At the time the State Court action was filed and at the time this Notice of Removal is filed, Defendant Edward Hulse was and is an individual who resides in Monroe City, Missouri. **Ex. 1, Petition, ¶ 8.**

24. At the time the State Court action was filed and at the time this Notice of Removal is filed, Defendant Barb (Rees) Cannady was and is an individual who resides in Monroe City, Missouri. **Ex. 1, Petition, ¶ 9.**

25. At the time the State Court action was filed and at the time this Notice of Removal is filed, Defendant Ryan Richards was and is an individual who resides in Hannibal, Missouri. **Ex. 1, Petition, ¶ 10.**

26. At the time the State Court action was filed and at the time this Notice of Removal is filed, Defendant Matthew Dade was and is an individual who resides in Palmyra, Missouri. **Ex. 1, Petition, ¶ 11.**

### PLAINTIFF'S CO-WORKERS HAVE BEEN FRAUDULENTLY JOINED AND THEIR CITIZENSHIP SHOULD BE DISREGARDED FOR PURPOSES OF DIVERSITY

27. Plaintiff's co-workers are non-diverse. However, their citizenship should be disregarded because they were fraudulently joined to the State Court Action.

28. Fraudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists. *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). Where "is well established…under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Manning v. Wal-Mart Stores East,* 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (*quoting Iowa Public Service CO. v. Medicine Bow Coal Co.*, 556 F.2d 400, 046 (8th Cir. 1977)).

29. In Count IX, Plaintiff asserts a cause of action for negligence per se against Defendant Fischer and Defendant Hulse based on their alleged violation of Missouri's Factory

Act, R.S.Mo. § 292.020. **Ex. 1, Petition, ¶¶ 179-181.** These defendants purportedly breached the Act by failing to ensure that the injection mold was "safely and securely guarded". **Id., ¶ 179.**

30. Plaintiff fails to state a claim against Defendant Fischer and Defendant Hulse for negligence per se for two reasons. First, Section 292.210 cannot serve as a basis for a negligence per se claim against these defendants because it does not apply to them. Section 292.020 is a criminal statute that makes it a misdemeanor for an *owner,* not an employee, to violate § 292.020. R.S.Mo. § 292.020; *Wolfmeyer v. Otis Elevator Co.,* 262 S.W.2d 18, 21 (Mo. 1953); *Saffold v. McGraw-Edison Co.,* 566 F.2d 621, 623 (8th Cir. 1977) (interpreting Missouri law). Here, there is no allegation that either Defendant Fischer or Defendant Hulse owned the company where Plaintiff worked. Indeed, Plaintiff admits that they "were the employees of the employer." **Ex. 1, Petition, ¶ 176.**

31. Second, the alleged duty breached by Defendant Fisher and Defendant Hulse -- to ensure the equipment was appropriately guarded -- is the exact same duty that is placed on Plaintiff's employer in the Act to provide a safe place to work. Missouri law is clear that the duty to provide a safe place to work is a "non-delegable" duty of the employer, and any failure to comply falls on the employer only. *Carman v. Wieland*, 406 S.W.3d 70, 76 (Mo. App. E.D. 2013); *Hansen v. Ritter*, 2012 WL 2498845, 1 (Mo. Ct. App. 2012).

32. In Count X, Plaintiff asserts a claim for negligence against Defendants Fischer, Cannady, Richards, and Dade and that these Defendants were negligent in the following manner:

- Concealing from Plaintiff that the control button was sticking; and

- Ordering use of the multistation injection mold without repairing the sticking control button;

**Ex. 1, Petition, ¶ 205.** Plaintiff further alleges that these negligent acts/omissions violated the employer's policy to comply with OSHA requirements and guarding statutes. **Ex. 1, Petition, ¶ 204.**

33. However, Plaintiff cannot state a claim for negligence against these defendants because Plaintiff's injuries arise from the employer's non-delegable duty to provide safe workplace. "When one brings a common-law negligence action, the plaintiff must 'establish the existence of a duty on the part of the defendant to perform that duty and, that plaintiff's injury was proximately caused by defendant's failure.'" *Hansen*, 2012 WL 2498845 at 4*, citing Krause v. U.S. Truck Co.,* 787 S.W.2d 708, 710 (Mo. banc. 1990). "So too when an injured worker seeks to bring a negligence action against his co-employee." *Id.* "Thus, as in other common-law actions, the threshold matter is to establish the existence of a duty owed by the co-employee." *Id.* "[I]t is not simply the existence of a duty on the part of the co-employee, but the nature of the duty involved which is key in determining whether the co-employee may be held liable." *Id.*

34. Providing a safe place to work is just one of the non-delegable duties an employer owes its employees—a duty which the employer may not escape by delegating the task to someone else. *Id.* at 5, citing *Gunnett v. Girarider Bldg. & Realty Co.,* 70 S.W. 3d 632, 638 (Mo. Ct. App. E.D. 2002). An employer's responsibility at common law is to discharge five specific duties relevant to safety: (1) provide a safe workplace; (2) provide safe equipment in the workplace; (3) warn employees about the existence of dangers of which the employees could not reasonably be expected to be aware; (4) provide a sufficient number of competent fellow employees; and (5) promulgate and enforce rules governing employee conduct for the purpose of enhancing safety. *Id.* An employer's non-delegable duty also includes providing its employees with safe tools and appliances. *Marshall v. Kansas City,* 296 S.W.2d 1, 3 (Mo. 1956).

35. For an injured employee to charge a co-employee with actionable negligence, "something more" than the breach of one of the employer's non-delegable duties must be pled." *Id.,* citing *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo. Ct. App. E.D. 1982). "[A] personal duty will arise out circumstances where the co-employee engages in an affirmative act, outside the scope of employer's nondelegable duties, directed at the worker, increasing the risk of injury." *Gunnett*, 70 S.W.3d at 641; *Kelley v. DeKalb Energy Co.*, 865 S.W.2d 670, 672 (Mo. banc 1993).

36. Count X fails to state a claim because the purported duty on which it is based is the duty to inform Plaintiff of the potential dangers of the equipment. This is merely a restatement of the employer's non-delegable duty to provide a safe place to work. *Carman*, 406 S.W.3d at 76; *Hansen*, 2012 WL 2498845 at 1 (Mo. Ct. App. 2012).

37. The facts pleaded by Plaintiff against her co-workers are strikingly similar to those pleaded against the co-employees in *Hansen* where the Missouri Court of Appeals affirmed the trial court's dismissal of the claims against the co-employees. In *Hansen*, the plaintiff brought a lawsuit on behalf of her decedent for his death in a workplace accident against the manufacturer of the wire-stranding machine involved in his death, as well as two co-employees: the employer's corporate safety manager and the employer's operations manager. *Hansen,* 2012 WL 2498845, at 1.

38. The plaintiff pleaded that the co-employees failed to use reasonable care to make certain hazardous conditions safe; to warn employees of hazardous conditions; to detect, correct, and prevent unreasonably unsafe work practices and working conditions; to undertake action for the protection of employees present at the employer's facilities; to undertake the implementation of safety provisions and perform plant maintenance; and to detect and warn plant employees of

-11-

dangerous and hazardous conditions. *Id.* at 57. In other words, Hansen's allegations against her decedent's co-employees "involved either a failure to recognize, address, protect [decedent] from, or warn [decedent] about, alleged deficiencies" in the machine involved in his death. *Id.*

39. In granting the co-employees' motion to dismiss, the trial court held that each duty alleged against the co-employees was "part of the employer's non-delegable duty to make the workplace safe." *Id.* at 2. The appeals court agreed implicitly with the trial court's read of Hansen's allegations against the co-employees: "The duties ascribed to [the co-employees]…were part and parcel of the Employer's non delegable duty to provide a safe workplace. The duties were…duties delegated to [the co-employees] by Employer, and assumed or undertaken by [the co-employees] merely 'by going to work.'" *Id.* at 15.

40. Likewise, each breach of a duty alleged here by Plaintiff against her co-workers arises solely and completely "as part and parcel" of her employer's non- delegable duty to provide a safe workplace. Accordingly, there exists no reasonable basis in fact and law to support Plaintiff's negligence cause of action against her co-workers in this case.

41. Therefore, the joinder of Plaintiff's co-workers to this action is not proper and federal jurisdiction of this matter can and should be exercised. *Manning v. Wal-Mart Stores East,* 304 F. Supp. 2d 1146, 1148 (E.D.Mo. 2004) (*quoting Iowa Public Service CO. v. Medicine Bow Coal Co.*, 556 F.2d 400, 046 (8th Cir. 1977)).

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

42. Plaintiff alleges that as a result of the accident, her right hand was trapped, crushed, and burned for an extended period of time and that her hand had to be amputated. **Ex. 1, Petition, ¶ 41-42.**

43. Without admitting liability or conceding that Plaintiff is, in fact, entitled to recover any damages from Defendant Schneider, Plaintiff avers in the Prayer for Relief for each count that she seeks to recover in excess of $75,000 as damages for medical expenses for medical treatment and psychiatric injury from the accident, lost earnings capacity, pain and suffering, permanent and total disability, and loss of enjoyment of life. **Ex. 1, Petition, Prayers for Relief.**

44. Therefore, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

45. Because there is complete diversity between Plaintiff and the properly joined defendants, and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

WHEREFORE, Defendant Schneider Electric USA, Inc. respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Should any issue arise as to the propriety of this removal, Defendant respectfully requests the opportunity to provide briefing and oral argument on the same.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

*/s/ Martha Charepoo*
Martha Charepoo   MO #55641
Kelly M. Sabatés   MO #72995
100 N. Broadway, 21st Floor
St. Louis, MO  63102
Telephone;   (314) 345-5000
Facsimile:   (314) 345-5055
mcharepoo@bscr-law.com
ksabates@bscr-law.com

and

        James S. Kreamer    MO #39682
        2400 Pershing Road, Suite 500
        Kansas City, MO  64108
        Telephone:    (816) 471-2121
        Facsimile:    (816) 472-0288
        kreamer@bscr-law.com

*Attorneys for Schneider Electric USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2021, a copy of the foregoing was electronically filed using the Court's CM/ECF system, thereby giving notice to all counsel of record.

        */s/ Martha Charepoo*