Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

STATE OF MISSOURI   }          IN THE CIRCUIT COURT OF MARION COUNTY
                    } ss               DISTRICT 2 AT HANNIBAL, MISSOURI
COUNTY OF MARION    }

**Katherine E. Huff,**
                Plaintiff,

v.                                                Cause No.

**Schneider Electric SE**, a French Multi-
national Company, and
**Schneider Electric USA, Inc.**, a Delaware
Corporation, and
**DESMA Schuhmaschinen GmbH**, a
German Multi-national Corporation, and
**Klöckner DESMA Elastomertechnik
GmbH**, a German Multi-national
Corporation, and
**DESMA USA, Inc.**, a Delaware
Corporation, and
**William Fisher**, and
**Edward Hulse**, and
**Barb (Rees) Cannady**, and
**Ryan Richards,** and
**Matthew Dade,**
                Defendants.

### Petition for Damages

Comes now the plaintiff Katherine E. Huff and for her claim for personal injury

states to the Court as follows:

### Common Allegations

Parties

1. Plaintiff Katherine E. Huff (hereinafter Katherine) is a resident of Marion County, Missouri.

2. Defendant Schneider Electric SE (hereinafter Schneider) is a multi-national company who is

the successor to Télémécanique Electrique through merger or defacto merger which results in

successor liability, and who was doing business in the City of Hannibal, State of Missouri, on the

date of the injury to Katherine which is the subject of this case under the name Schneider

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

Electric USA, Inc. and was the designer, manufacturer, seller, or a successor through merger or defacto merger with successor liability to the designer, manufacturer, or seller of the manual control button which caused or contributed to cause the injury to Katherine.   Defendant Schneider's headquarters in France is as follows:

> Schneider Electric SE
> 35 Rue Joseph Monier
> 92500 Rueil-Malmaison
> France

3.   Defendant Schneider Electric USA, Inc. (hereinafter Schneider USA) is a Delaware corporation who is a wholly owned subsidiary of defendant Schneider and the successor to Télémécanique Electrique through merger or defacto merger which results in successor liability and was doing business in the City of Hannibal, State of Missouri, on the date of the injury to Katherine which is the subject of this case and was the designer, manufacturer, seller, or a successor by merger or defacto merger with successor liability to the designer, manufacturer, or seller of the manual control button which caused or contributed to cause the injury to Katherine. Defendant Schneider USA may be served as follows:

> Schneider Electric USA, Inc.
> CSC-Lawyers Incorporating Service Company
> 221 Bolivar
> Jefferson City, Mo 65101

4.   Defendant DESMA Schuhmaschinen GmbH (hereafter DESMA) is a German corporation authorized to do and doing business in the State of Missouri and said company was doing business in the City of Hannibal, State of Missouri, on the date of the injury to Katherine which is the subject of this case, and was the designer, manufacturer, seller, or a successor through merger or defacto merger with successor liability of the designer, manufacturer, or seller of the multistation injection mold which injured Katherine.   DESMA headquarters in Germany is as follows:

> DESMA Schuhmaschinen GmbH
> Desmastraße 1, 28832 Achim, Germany

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

5.  Defendant Klöckner DESMA Elastomertechnik GmbH (hereafter Klöckner DESMA) is a German corporation authorized to do and doing business in the State of Missouri and said company was doing business in the City of Hannibal, State of Missouri, on the date of the injury to Katherine which is the subject of this case, and was the designer, manufacturer, seller, or successor through merger or defacto merger with successor liability of the designer, manufacturer, or seller of the multistation injection mold which injured Katherine. The headquarters for Klöckner DESMA is as follows:

> Klöckner DESMA Elastomertechnik GmbH
>
> An der Bära
>
> 78567 Fridingen / Germany

6.  Defendant DESMA USA, Inc. (hereafter DESMA USA) is a Delaware corporation authorized to do and doing business in the State of Missouri and said company was doing business in the City of Hannibal, State of Missouri, on the date of the injury to Katherine which is the subject of this case and was the designer, manufacturer, seller, or the successor through merger or defacto merger with successor liability of the designer, manufacturer, or seller of the multistation injection mold which injured Katherine.   DESMA USA may be served as Follows:

> DESMA USA, Inc.
>
> The Corporation Trust Company
>
> Corporation Trust Center 1209 Orange Street
>
> Wilmington, DE 19801

7.  Defendant William Fisher is an individual who resides at 4403 McMasters Avenue, Hannibal, MO 63401.

8.  Defendant Edward Hulse is an individual who resides at 1104 North Main Street, Monroe City, MO 63456.

9.  Defendant Barbara (Rees) Cannady is an individual who resides at 10889 Mulberry Road, Monroe City Mo 63456.

10.  Defendant Ryan Richards is an individual who resides at 1701 35th Street,   Hannibal, MO 63401.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

11.   Defendant Matthew Dade is an individual who resides at 302 Logan Street, Palmyra, Mo 63461.

## Jurisdiction

12.   The law of the State of Missouri applies to this action.

13.   This Court has jurisdiction pursuant to Article V, Section XIV of the Missouri Constitution.

14.   The Court has jurisdiction over the out-of-state defendants under Missouri Revised Statute 506.500 in that defendants or their agents committed tortious acts and conducted business in the State of Missouri in that they designed, manufactured, distributed, marketed, advertised, and sold the defective multistation injection mold, and/or manual control button identified in this Petition for ultimate distribution, sale, and/or use in the State of Missouri.

15.   No claims from a split recovery statute (punitive or exemplary damages) will be made.

## The Injury

16.   On or about January 22, 2016, while working as a machine operator, Katherine was severely injured as hereinafter specifically alleged.

17.   At the time of the injury Katherine was operating an unreasonably dangerous and defective multistation injection mold designed, manufactured, and sold by defendants DESMA, Klöckner DESMA, and/or DESMA USA.

18.   The injection mold had moving platens which were not safely and securely guarded to protect the machine operator from a pinching, burning injury in the moving parts.

19.   The multistation injection mold did not have point of operation guards to protect the machine operator from pinching, burning injury when cleaning the platens and was therefore in a defective condition and unreasonably dangerous when put to a reasonably expected use.

20.   On January 22, 2016, excess material built up on the platens of the injection mold and Katherine followed the training she had been given by her employer to clean the mold.

21.   To open and close the platens, the injection mold had an unreasonably dangerous and defective manual control button part number ZB2-BE101 (hereafter manual control button) designed, manufactured, and/or sold by Télémécanique Electrique (hereafter Télémécanique)

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

who was a French multinational corporation acquired by merger or defacto merger with successor liability by defendants Schneider and/or Schneider USA.

22.   The manual control button was installed and sold on the multistation injection mold by defendants DESMA, Klöckner DESMA, and/or DESMA USA.

23.   Katherine used the manual control button to open and close the mold for the purpose of cleaning the platens on the injection mold.

24.    The manual control button was unreasonably dangerous and defective and malfunctioned causing the mold to unexpectedly close on Katherine's right hand.

25.   The manual control button was designed so that there was no manual override when there was a critical failure.

26.   The manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

27.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

28.   When the mold closed on her hand the machine trapped her hand between the platens, resulting in a severe crushing and burning injury as set out in Exhibit A, attached hereto and made a part hereof as if set out verbatim.

29.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated as shown in Exhibit B, attached hereto and made a part hereof as if set out verbatim.

30.   As a result of the defendants' conduct and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

31.   As a result of the defendants' conduct and the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, all of which disturbs Katherine's enjoyment of life.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

32.   As a result of the defendants' conduct and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

33.   As a result of the defendants' conduct and the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

## Count I

### Strict Liability — Product Defect against all Corporate Defendants

Comes now the plaintiff Katherine E. Huff and for Count I of her claim against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. states to the Court as follows:

34.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

35.   Defendants Schneider, and Schneider USA, and DESMA, Klöckner DESMA, and DESMA USA sold the manual control button in the course of defendants'   businesses.

36.   The manual control button was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

37.   The defective condition in the manual control button posed foreseeable and substantial risk of harm for those using the product.

38.   The manual control button was used in a manner reasonably anticipated.

39.   Katherine was damaged as a direct result of such defective condition as existed when the manual control button was sold.

40.   The defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

41.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

42.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

43.   As a result of the defective manual control button and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

44.   As a result of the defective manual control button and the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, all of which disturbs Katherine's enjoyment of life.

45.   As a result of the defective manual control button and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

46.   As a result of the defective manual control button and the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count I plaintiff prays for judgment of compensatory damages against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

## Count II

### Strict Liability — Failure to Warn against All Corporate Defendants.

Comes now the plaintiff Katherine E. Huff and for Count II of her claim against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. states to the Court as follows:

47.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

48.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim

49.   Defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. sold the manual control button in the course of defendants' businesses.

50.   The manual control button was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

51.   Defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. did not give an adequate warning of the danger.

52.   The manual control button was used in a manner reasonably anticipated.

53.   Katherine was damaged as a direct result of the manual control button being sold without an adequate warning.

54.   The defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

55.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

56.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

57.   As a result of the manual control button being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

58.   As a result of the manual control button being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

59.   As a result of the manual control button being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

60.   As a result of the manual control button being sold without an adequate warning and the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count II plaintiff prays for judgment of compensatory damages against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

## Count III

### Product Liability — Negligent Manufacture, Design, or
### Failure to Warn against All Corporate Defendants

Comes now the plaintiff Katherine E. Huff and for Count III of her claim against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. states to the Court as follows:

61.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

62.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim

63.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

64.   Defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. manufactured and/or designed the manual control button,

65.   Defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. failed to use ordinary care to either manufacture or design the manual control button to be reasonably safe or adequately warn of the risk of harm from the hazzard of the manual control button sticking after it was pressed without a manual override to prevent a catastrophic injury.

66.   As a direct result of such failure, in one or more of the respects submitted above, Katherine sustained damage.

67.   As a direct result of such failure, in one or more of the respects submitted above, the defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

68.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

69.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

70.   As a direct and proximate result of the negligence of defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

71.   As a direct and proximate result of the negligence of defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

72.   As a direct and proximate result of the negligence of defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

73.   As a direct and proximate result of the negligence of defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count III plaintiff prays for judgment of compensatory damages against defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

**Count IV**

**Negligently Supplying a Dangerous Instrument**

**against All Corporate Defendants**

Comes now the plaintiff Katherine E. Huff and for Count IV of her claim against defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA states to the Court as follows:

74.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

75.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim.

76.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim.

77.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim.

78.   Defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA supplied the manual control button for use.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

79.   The manual control button was designed, manufactured, and sold in a condition so that when there was a critical failure there could be no manual override and was therefore dangerous when put to a reasonably expected use.

80.   The manual control button was put to a reasonably expected use.

81.   Defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA had no reason to believe that those for whose use the manual control button was supplied would realize its dangerous condition.

82.   Defendants Schneider Electric SE, and Schneider Electric USA, Inc., and DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. knew or had information from which they, in the exercise of ordinary care, should have known of such dangerous condition.

83.   Defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA failed to adequately warn of such dangerous condition.

84.   Defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA were thereby negligent.

85.   As a direct result of such negligence, Katherine sustained damage.

86.   As a direct result of such failure, in one or more of the respects submitted above, the defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

87.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

88.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

89.   As a direct and proximate result of the negligence of defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

90.   As a direct and proximate result of the negligence of defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

91.   As a direct and proximate result of the negligence of defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

92.   As a direct and proximate result of the negligence of defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count IV plaintiff prays for judgment of compensatory damages against defendants Schneider, and Schneider USA, and DESMA, and Klöckner DESMA, and DESMA USA in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

## Count V
### Strict Liability — Product Defect
### against Defendants DESMA and DESMA USA and Klöckner DESMA

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

Comes now the plaintiff Katherine E. Huff and for Count V of her claim against defendants DESMA and DESMA USA and Klöckner DESMA states to the Court as follows:

93.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

94.   All of the allegations of Count I set out above are incorporated by   reference herein as if set out verbatim

95.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

96.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim

97.   All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim

98.   Defendants DESMA Schuhmaschinen GmbH, and Klöckner DESMA Elastomertechnik GmbH, and DESMA USA, Inc. sold the multistation injection mold which injured Katherine in the course of defendants' businesses.

99.   The multistation injection mold was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

100.   The multistation injection mold was used in a manner reasonably anticipated.

101.   Katherine was damaged as a direct result of such defective condition as existed when the multistation injection mold was sold.

102.   The multistation injection mold malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

103.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

104.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

105.   As a result of the defective multistation injection mold and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

106.   As a result of the defective multistation injection mold and the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

107.   As a result of the defective multistation injection mold and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

108.   As a result of the defective multistation injection mold and the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count V plaintiff prays for judgment of compensatory damages against defendants DESMA and DESMA USA and Klöckner DESMA in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

**Count VI**

**Strict Liability — Failure to Warn**

**against Defendants DESMA and DESMA USA and Klöckner DESMA**

Comes now the plaintiff Katherine E. Huff and for Count VI of her claim against defendants DESMA and DESMA USA and Klöckner DESMA states to the Court as follows:

109.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

110.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim

111.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

112.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim

113.   All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim

114.   All of the allegations of Count V set out above are incorporated by reference herein as if set out verbatim

115.   Defendants DESMA and DESMA USA and Klöckner DESMA sold the multistation injection mold which injured Katherine in the course of defendants' businesses.

116.   The   multistation injection mold was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

117.   Defendants DESMA and DESMA USA and Klöckner DESMA did not give an adequate warning of the danger.

118.   The   multistation injection mold was used in a manner reasonably anticipated.

119.   Katherine was damaged as a direct result of the multistation injection mold being sold without an adequate warning.

120.   The defective multistation injection mold malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

121.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

122.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

123.   As a result of the multistation injection mold being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur medical treatment and

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

124.   As a result of the multistation injection mold being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

125.   As a result of the multistation injection mold being sold without an adequate warning and the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

126.   As a result of the multistation injection mold being sold without an adequate warning and the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count VI plaintiff prays for judgment of compensatory damages against defendants DESMA and DESMA USA and Klöckner DESMA in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

**Count VII**

**Product Liability — Negligent Manufacture, Design or**

**Failure to Warn against Defendants DESMA and DESMA USA and Klöckner DESMA**

Comes now the plaintiff Katherine E. Huff and for Count VII of her claim against defendants DESMA and DESMA USA and Klöckner DESMA states to the Court as follows:

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

127.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

128.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim.

129.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

130.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim.

131.   All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim.

132.   All of the allegations of Count V set out above are incorporated by reference herein as if set out verbatim.

133.   All of the allegations of Count VI set out above are incorporated by reference herein as if set out verbatim.

134.   Defendants DESMA and DESMA USA and Klöckner DESMA manufactured and/or designed the multistation injection mold which injured Katherine,

135.   Defendants DESMA and DESMA USA and Klöckner DESMA failed to use ordinary care to either manufacture or design the multistation injection mold to be reasonably safe or adequately warn of the risk of harm from the hazzards of:

   a.   the manual control button sticking after it was pressed without a manual override to prevent a catastrophic injury; or

   b.   the failure to safely and securely guard the moving platens to protect the machine operators from pinching and burning injuries: or

   c.   the machine was manufactured, designed, and sold without point of operation guards required by Section 292.020 RSMo. and without adequate warning of the absence of such guards.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

136. As a direct result of such failure, in one or more of the respects submitted above, Katherine sustained damage.

137. As a direct result of such failure, in one or more of the respects submitted above, the defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

138. When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

139. The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

140. As a direct and proximate result of the negligence of defendants DESMA and DESMA USA and Klöckner DESMA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

141. As a direct and proximate result of the negligence of defendants DESMA and DESMA USA and Klöckner DESMA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

142. As a direct and proximate result of the negligence of defendants DESMA and DESMA USA and Klöckner DESMA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

143. As a direct and proximate result of the negligence of defendants DESMA and DESMA USA and Klöckner DESMA acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count VII plaintiff prays for judgment of compensatory damages against defendants DESMA and DESMA USA and Klöckner DESMA in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

**Count VIII**

**Negligently Supplying a Dangerous Instrument**

**against Defendants DESMA and Klöckner DESMA and DESMA USA**

Comes now the plaintiff Katherine E. Huff and for Count VIII of her claim against defendants, DESMA, and Klöckner DESMA, and DESMA USA and states to the Court as follows:

144.  All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

145.  All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim.

146.  All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim.

147.  All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim.

148.  All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim

149.  All of the allegations of Count V set out above are incorporated by reference herein as if set out verbatim

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

150.   All of the allegations of Count VI set out above are incorporated by reference herein as if set out verbatim

151.   All of the allegations of Count VII set out above are incorporated by reference herein as if set out verbatim

152.   Defendants DESMA, and Klöckner DESMA, and DESMA USA supplied the multistation injection mold for use.

153.   The multistation injection mold was designed, manufactured, and sold without point of operation guards and with a manual control button in a condition so that when there was a critical failure there could be no manual override and was therefore dangerous when put to a reasonably expected use.

154.   The multistation injection mold was put to a reasonably expected use.

155.   Defendants DESMA, and Klöckner DESMA, and DESMA USA had no reason to believe that those for whose use the multistation injection mold that was supplied would realize its dangerous condition.

156.   Defendants DESMA, and Klöckner DESMA, and DESMA USA knew or had information from which they, in the exercise of ordinary care, should have known of such dangerous condition.

157.   Defendants DESMA, and Klöckner DESMA, and DESMA USA failed to adequately warn of such dangerous condition.

158.   Defendants DESMA, and Klöckner DESMA, and DESMA USA were thereby negligent.

159.   As a direct result of such negligence, Katherine sustained damage.

160.   As a direct result of such failure, in one or more of the respects submitted above, the defective manual control button malfunctioned in a critical failure causing the mold to close on Katherine's right hand.

161.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

162.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

163.   As a direct and proximate result of the negligence of defendants DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

164.   As a direct and proximate result of the negligence of defendants DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

165.   As a direct and proximate result of the negligence of defendants DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

166.   As a direct and proximate result of the negligence of defendants DESMA, and Klöckner DESMA, and DESMA USA acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count VIII plaintiff prays for judgment of compensatory damages against defendants DESMA, and Klöckner DESMA, and DESMA USA in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

## Count IX

### Negligence per se for Statutory Guarding Violation
### against Individual Defendants William Fisher and Edward Hulse

Comes now the plaintiff Katherine E. Huff and for Count IX of her claim against individual defendants William Fisher and Edward Hulse states to the Court as follows:

167.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

168.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim.

169.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

170.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim.

171.   All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim.

172.   All of the allegations of Count V set out above are incorporated by reference herein as if set out verbatim.

173.   All of the allegations of Count VI set out above are incorporated by reference herein as if set out verbatim

174.   All of the allegations of Count VII set out above are incorporated by reference herein as if set out verbatim

175.   All of the allegations of Count VIII set out above are incorporated by reference herein as if set out verbatim

176.   Defendants William Fisher and Edward Hulse were the employees of the employer on whose behalf Katherine operated the multistation injection mold which injured her.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

177.   Defendants William Fisher and Edward Hulse owed Katherine a duty to protect her from injury which was separate and independent from the employer's nondelegable duty to provide a reasonably safe work place for all employees.

178.   Defendants William Fisher and Edward Hulse's conduct as herein alleged was a violation of the employer's policy to comply with OSHA requirements and the equipment guarding statutes as alleged hereafter and was not foreseeable to the employer.

179.   At all relevant times there was in full force and effect in the State of Missouri, Section 292.020 RSMo. which states:

> The belting, shafting, machines, machinery, gearing and drums of all manufacturing, mechanical and other establishments in this state when so placed as to be dangerous to the persons employed therein or thereabout while engaged in their ordinary duties, **shall be safely and securely guarded when possible** . . .

180.   At all relevant times there was in full force and effect in the State of Missouri, Section 292.210 RSMo. which states:

> Any person or persons, firm or corporation, being the owner, agent, lessee or occupant of any manufacturing, mechanical, mercantile, or other establishment, business or calling in this state to which sections 292.010 to 292.250 apply, or any employee therein or thereat, who shall violate, or aid or abet in violating, any of the provisions of sections 292.010 to 292.250, shall be deemed guilty of a misdemeanor . . . .

181.   Chapter 292.210 RSMo et seq. imposes a personal duty on William Fisher and Edward Hulse independently of any master-servant relationship.

182.   Defendants William Fisher and Edward Hulse jointly and collectively aided and abetted the operation of the multistation injection mold without safe and secure guards to protect machine operators from pinching, burning injuries while cleaning excess material from the

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

platens, but defendants, in failing to provide safe and secure guards, thereby violated Sections 292.020 and 292.210 RSMo.

183.   Katherine was operating the multistation injection mold and was a member of the class of persons intended to be protected by Sections 292.020 and 292.210 RSMo.

184.   As a result of the absence of point of operation guards, the platens of the multistation injection mold closed on Katherine's right hand.

185.   When the mold closed on her hand, Katherine's right hand was trapped, crushed, and burned for an extended period of time before her co-workers could free her hand from the injection mold.

186.   The crushing, burning injury was so severe that Katherine's right hand could not be preserved and it was amputated.

187.   The proximate cause of Katherine's injury was the violation of Sections 292.020 and 292.210 RSMo. which was aided and abetted by defendants William Fisher and Edward Hulse

188.   As a direct and proximate result of the conduct of defendants William Fisher and Edward Hulse acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

189.   As a direct and proximate result of the conduct of defendants William Fisher and Edward Hulse acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

190.   As a direct and proximate result of the conduct of defendants William Fisher and Edward Hulse acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

191.   As a direct and proximate result of the conduct of defendants William Fisher and Edward Hulse acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

WHEREFORE, on Count IX plaintiff prays for judgment of compensatory damages against the defendants William Fisher and Edward Hulse in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment of life; and for her costs herein.

**Count X**

**Co-Employee Negligence**

**against Individual Defendants William Fisher, Barb( Rees) Cannady, Ryan Richards and Matthew Dade**

Comes now the plaintiff Katherine E. Huff and for Count X of her claim against individual defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade and states to the Court as follows:

192.   All of the common allegations set out above are incorporated by reference herein as if set out verbatim.

193.   All of the allegations of Count I set out above are incorporated by reference herein as if set out verbatim.

194.   All of the allegations of Count II set out above are incorporated by reference herein as if set out verbatim

195.   All of the allegations of Count III set out above are incorporated by reference herein as if set out verbatim.

196.   All of the allegations of Count IV set out above are incorporated by reference herein as if set out verbatim.

197.   All of the allegations of Count V set out above are incorporated by reference herein as if set out verbatim.

198.   All of the allegations of Count VI set out above are incorporated by reference herein as if set out verbatim.

199.   All of the allegations of Count VII set out above are incorporated by reference herein as if set out verbatim.

200.   All of the allegations of Count VIII set out above are incorporated by reference herein as if set out verbatim.

201.   All of the allegations of Count IX set out above are incorporated by reference herein as if set out verbatim.

202.   Defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade were the employees of the employer on whose behalf Katherine operated the multistation injection mold which injured her.

203.   Defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade owed Katherine a duty to protect her from injury which was separate and independent from the employers' nondelegable duty to provide a reasonably safe work place for all employees.

204.   Defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade's conduct as herein alleged was a violation of the employer's policy to comply with OSHA requirements and the equipment guarding statutes and was not foreseeable to the employer.

205.   Defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade committed the following affirmative acts which made Katherine's work more dangerous, to wit, either:

      a.   Hid the fact that the control button was sticking and assigned workers including Katherine to work on the multistation injection mold with a manual control button which was used to clean the machine and was sticking; or

      b.   Ordered the use of the multistation injection mold without repairs to the manual control button that was sticking.

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

206.   Defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade were thereby negligent.

207.   As a direct result of such negligence Katherine sustained damage.

208.   As a direct and proximate result of the conduct of defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade   injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for bodily injuries to her right upper extremity and the injuries are permanent in nature.

209.   As a direct and proximate result of the conduct of defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur and suffer great pain of body and mind, permanent disfigurement, excruciating physical pain and great mental anguish, and all of which disturbs Katherine's enjoyment of life.

210.   As a direct and proximate result of the conduct of defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade acting as described above, and as a result of the injuries described above, Katherine sustained and continues to incur medical treatment and prescriptions for psychiatric injury from the trauma, physical injury, and memory of the disastrous experience when her hand was crushed and burned in the platens of the injection mold.

211.   As a direct and proximate result of the conduct of defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade acting as described above, and as a result of the injuries described above, Katherine has been unable to perform the duties of her employment and sustained and continues to incur lost earnings capacity, has lost earnings from employment, and is permanently and totally disabled from any substantial gainful employment.

   WHEREFORE, on Count X plaintiff prays for judgment of compensatory damages against the defendants William Fisher, Barb (Rees) Cannady, Ryan Richards and Matthew Dade in a fair and reasonable amount, the total of which exceeds $75,000.00, including, but not limited to, medical expenses; lost earnings capacity; bodily injury; pain and suffering; loss of enjoyment

Electronically Filed - Marion Hannibal - January 19, 2021 - 04:25 PM

of life; and for her costs herein.

_____

Christian L. Faiella                    #45684(MO)
Attorney for Plaintiff
110 North 5th Street
Moberly, MO   65270-1506
Office #(660) 263-3100
FAX #(660) 263-0660
CFaiella@tgflaw.com